UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| DESEAN W. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 13-CV-2066 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On March 21, 2013, Petitioner, Desean W. Johnson, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). Petitioner claimed that he wanted to go to trial and was denied the effective assistance of counsel when his counsel convinced him to plead guilty instead. Petitioner subsequently filed three amended Motions under § 2255 (#3, #4, #5). All included essentially the same claim. On July 25, 2013, the Government filed a Motion to Dismiss (#6). The Government argued that Petitioner's Motion under § 2255 was filed well after the applicable one-year limitations period and must be dismissed as untimely. Petitioner did not file a response to the Motion to Dismiss, but instead filed a Motion to Request Counsel (#8). Following careful consideration, this court concludes that Petitioner's Motions are untimely. Accordingly, the Government's Motion to Dismiss (#6) is GRANTED and Petitioner's Motions under § 2255 (#1, #3, #4, #5) are dismissed as untimely. Petitioner's Motion to Request Counsel (#8) is DENIED.

## CRIMINAL CASE

On April 6, 2006, in Case No. 06-20027, Petitioner was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). On June 30, 2006, Petitioner entered an open plea of guilty to both counts of the indictment. On October 18, 2006, this court sentenced Petitioner to a total of 156 months imprisonment, consisting of 96 months imprisonment on Count 1 and a consecutive 60-month sentence on Count 2. Petitioner did not file a Notice of Appeal.

On March 18, 2013, Petitioner filed a pro se Motion to Vacate Nunc Pro Tunc in his criminal case. On March 21, 2013, this court entered an Opinion and found that the pro se Motion must be construed as a Motion under § 2255. This court therefore directed the clerk to open a civil case brought pursuant to 28 U.S.C. § 2255 and file Petitioner's Motion in the civil case. This court further stated that Petitioner was allowed 30 days to withdraw his Motion or amend it to include every § 2255 claim he believed he has.

## SECTION 2255 MOTION

As noted, Petitioner's Motion was filed as a Motion under § 2255 (#1) in this case on March 21, 2013. Petitioner subsequently filed three amended Motions (#3, #4, #5). On July 25, the Government filed its Motion to Dismiss (#6).

# ANALYSIS

## STATUTE OF LIMITATIONS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003), *quoting* 28 U.S.C. § 2255(f)(1).  In this case, Petitioner did not file a Notice of Appeal after sentence was imposed and judgment of conviction was entered.  Therefore, his conviction became final, at the latest, in November 2006 and a timely Motion under § 2255 had to be filed by November 2007.  Petitioner's Motion under § 2255, filed in March 2013, is more than more than five years late and is clearly untimely.  Accordingly, the Government's Motion to Dismiss (#6) is GRANTED and Petitioner's Motion (#1) and amended Motions (#3, #4, #5) are dismissed as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  For a certificate of appealability to be issued, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the

denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motions are untimely.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#6) is GRANTED.

(2) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) and amended Motions (#3, #4, #5) are dismissed as untimely.

(3) Petitioner's Motion to Request Counsel (#8) is DENIED.

(4) A certificate of appealability is DENIED.

(5) This case is terminated.

ENTERED this 29th day of January, 2014.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE